CHRISTOPHER E. THOMPSON,

                    Plaintiff,

        v.                                CASE NO. 17-3203-SAC

OLUWATOSIN ORUNSOLU, et al.,

                    Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for preliminary injunction (Doc. #17) and motion for docket statement (Doc. #18) and on defendants' motion for an extension of time to answer (Doc. #20).

Plaintiff's motion for preliminary injunction seeks changes in the way legal papers are processed at the correctional facility where he resides. To obtain a preliminary injunction, a moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if relief is not granted; (3) the balance of equities tips in favor of the moving party; and (4) that the injunction is in the public interest. *Republican Party of N.M. v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013)(citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). A preliminary injunction is "an extraordinary remedy", and the moving party's right to the relief sought "must be clear and unequivocal." *Greater Yellowstone Coal v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

In considering plaintiff's request, the Court also is mindful that "prison officials' exercises of discretion should generally be

respected, as federal courts ought to afford appropriate deference and flexibility to state officials try to manage a volatile environment." *Wilson v. Jones*, 430 F.3d 1113, 1123 (10th Cir. 2005)(internal quotation marks omitted).

Plaintiff complains that at the El Dorado Correctional Facility, prisoners must give the documents they submit for electronic filing to Unit Team counselors. He claims that the materials are taken to an unknown location where they are no longer secure (Doc. #17, p. 1). He contrasts this with the Lansing Correctional Facility, where the electronic filing of documents is done through the chaplain's office. *Id.*

The Court concludes that plaintiff is not entitled to a preliminary injunction. First, it does not appear that plaintiff has presented his concerns to the prison through the administrative grievance procedure. Next, while he cites a lack of security and his uncertainty with what is done with the documents, he has not identified any specific injury that suggests he is subject to irreparable harm as a result of the institutional decision on how to process documents submitted for electronic filing. Finally, as noted, internal management decisions by prison officials are afforded considerable deference due to the particular concerns inherent in a prison environment. On the present record, the Court finds no reason to interfere in the decision of prison officials and therefore declines to grant injunctive relief.

Plaintiff's motion for a copy of the docket sheet (Doc. #18) is granted.

Defendants' motion for an extension of 10 days (Doc. #21) is

granted.[1]

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for preliminary injunction (Doc. #17) is denied.

IT IS FURTHER ORDERED plaintiff's motion for a docket statement (Doc. #18) is granted.

IT IS FURTHER ORDERED defendants' motion for an extension of time (Doc. #20) is granted.

**IT IS SO ORDERED.**

DATED:  This 28th day of August, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] The Court previously granted a due date of August 27, 2018 for filing a response. The Court notes that on August 28, 2018, defendants filed a motion to dismiss, or, in the alternative, for summary judgment and a supporting memorandum.