# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER THOMPSON, )
)
        Plaintiff, )
v. ) Case No. 17-3203-HLT-KGG
)
OLUWATOSIN ORUNSOLU, *et al.*, )
)
        Defendants. )
_____ )

## MEMORANDUM & ORDER ON
## DEFENDANTS' MOTION TO STAY DISCOVERY

Now before the Court is Defendants' Motion to Stay Discovery. (Doc. 23.) For the reasons set forth below, the undersigned Magistrate Judge **GRANTS** Defendants' motion.

## BACKGROUND

Plaintiff, who is incarcerated at the El Dorado Correctional Facility, alleges that his Eighth Amendment rights were violated when Defendant Orunsolu used excessive force, exposing Plaintiff to secondhand pepper spray used on his cellmate. Plaintiff also alleges that his Fourteenth Amendment rights were violated by Defendants Bos, Smith, Schnurr, and Norwood, who Plaintiff contends relied on false disciplinary reports to keep him "in the hole."

Currently pending before the District Court is the dispositive motion filed by Defendants, which argues, in part, that Defendants are entitled to qualified

immunity. (Doc. 21.) Defendants have filed the present motion (Doc. 23) seeking an Order staying discovery pending a ruling by the District Court on the pending dispositive motion.

## DISCUSSION

It is the general policy of this District not to stay discovery, notwithstanding the existence of pending dispositive motions. ***Wolf v. United States***, 157 F.R.D. 494, 495 (D.Kan.1994). Four exceptions to this policy have been recognized:

> (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.

***Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.***, No. 1304119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013); *see also* ***Kutilek v. Gannon***, 132 F.R.D. 296, 297–98 (D. Kan. 1990). The decision whether to stay discovery rests in the sound discretion of the Court. ***Clinton v. Jones***, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also* ***Kutilek***, 132 F.R.D. at 297; ***American Maplan. Corp. v. Heilmayr***, 203 F.R.D. 499, 501 (D. Kan. 2001) (stating that a magistrate's non-dispositive pretrial orders are subject to a deferential, "clearly erroneous" standard).

As discussed above, a motion is pending before the District Court in which Defendants argue, in part, that Plaintiff's Complaint should be dismissed based on Defendants' qualified immunity. (*See* Doc. 21.) The "[m]ost notable" and "well-established" exception to the general rule against staying a case exists "when the party requesting stay has asserted absolute or qualified immunity through a dispositive motion." ***Garrett's Worldwide Enterprises, LLC, et al. v. U.S.***, No. 14-2281-JTM, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014). When this occurs, "a stay of discovery is appropriate pending a ruling on the immunity issue." *Id*.

Plaintiff responds by requesting that the Court deny the motion in order to "grant [him] a fair chance to gain favorable information." (Doc. 35.) The Court finds that Plaintiff has not made a sufficient showing that any information to be sought via discovery would be helpful to the determination of the immunity issues contained in Defendant's dispositive motion. Should Plaintiff's claims survive the dispositive motion, discovery will then proceed, allowing Plaintiff the opportunity to seek "favorable information." As such, Defendants' requested stay is **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (Doc. 20) is GRANTED.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 17th day of December, 2018.

                                             S/ KENNETH G. GALE
                                             KENNETH G. GALE
                                             United States Magistrate Judge